```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON


PAUL DEWAYNE FIELDS and
KIMBERLY ANN FIELDS, individually
and as legal guardian of D.B.,
a minor child,

          Plaintiffs,

v.                                     Case No. 2:09-cv-0754

WEST VIRGINIA STATE POLICE,
COL. D. L. LEMMON, Superintendent,
D. H. MOORE,¹ and
JOHN DOES I-V [West Virginia
State Troopers],

          Defendants.
```

## MEMORANDUM OPINION AND ORDER

This case presents the issue of whether a federal judicial officer can order a party, who has placed the party's physical or mental health in issue, to execute HIPAA-compliant[2] medical releases or authorizations so that the party's medical records can be obtained by opposing counsel. Pending before the court is a motion to compel filed by the defendants. The parties briefed the issue and presented oral argument.

This action concerns the plaintiffs' allegations that several

---

[1] The parties advise that the correct first initial of this defendant is "B" not "D."

[2] See Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 1040191, 110 Stat. 1936, codified in scattered sections of Titles 29 and 42 of United States Code, and related regulations found at 45 C.F.R. Parts 160, 164.

West Virginia State Troopers violated their civil rights by using excessive force against them, and by "the unlawful and malicious detention, seizure, arrest, conspiracy and prosecution of the plaintiffs." (Complaint, docket # 1, ¶ 1.) The plaintiffs were incarcerated for ten days and then released, the charges having been dismissed. Id., ¶¶ 36, 42. The plaintiffs seek judgment against the defendants for medical expenses and physical harm and suffering, property damage, economic loss, and emotional pain and suffering. The Complaint originally included jail employees and jail healthcare providers as defendants, but the plaintiffs voluntarily dismissed them.

The defendants' motion asserts that they need the medical releases in order to conduct an independent investigation of the plaintiffs' claims of physical and emotional injuries. (Motion, # 15, at 4.) They point out that the Complaint alleges that the plaintiffs "were repeatedly deprived of adequate and necessary medical treatment. Specifically, Mrs. Fields, who suffers from multiple medical problems, was denied her diabetic medication for more than half of her incarceration . . .." (Complaint, ¶ 37.) The court notes that paragraph 37 makes allegations only against defendants who have been dismissed from this action.

When allegations against dismissed defendants are ignored, the Complaint makes the following assertions of physical and emotional injury:

2

- State Troopers beat Paul Dewayne Fields upon his face and torso (¶ 33)
- D.B., a minor child for whom the Fieldses are guardians, was traumatized by the State Troopers' treatment of Paul Dewayne Fields and by his ten-day separation from the Fieldses (¶ 40)
- Paul Dewayne Fields and Kimberly Ann Fields were traumatized by these circumstances, including their arrest and incarceration for ten days (¶ 40).

The court finds that Paul Dewayne Fields has placed his physical and mental health in issue, Kimberly Ann Fields has placed her mental health in issue, and the Fieldses have placed D.B.'s mental health in issue.  In paragraph 45, the plaintiffs allege that they have "suffered both physical pain and emotional distress," but this is not explained further.  If Kimberly Ann Fields claims to have suffered a physical injury at the hands of the State Troopers, it is not apparent from the Complaint.  Similarly, if the Fieldses claim that D.B. suffered a physical injury, the facts supporting such an allegation are not set forth.

Plaintiffs contend that the Federal Rules of Civil Procedure contain no provision which requires a party to sign a medical authorization granting a defendant access to the party's medical and other records.  (Response, # 19, at 2.)  They concede that the defendants are entitled to request and to receive from the plaintiffs "all medical and other records relevant to this civil action."  Id.  They dispute the defendants' right of access to confidential medical records which are irrelevant or privileged.  Id. at 3-8.

The defendants' reply argues that various courts have required

plaintiffs to execute medical releases.  (Reply, # 21, at 3.)  The undersigned has read the cases cited by the defendants and the cases cited within those cases, as well as federal cases decided by district courts within the Fourth Circuit.  They will be discussed below.  The plaintiffs filed a sur-reply (# 22) without leave of court, as required by our Local Rules; the undersigned read the document, but it will not be summarized here.

It is a considerable understatement to suggest that the Health Insurance Portability and Accountability Act of 1996 changed the landscape of obtaining medical and psychological records of parties in the course of litigation.  The Act was signed by President Clinton on August 21, 1996, but the United States Department of Health and Human Services' enforcing regulations were not effective until April 14, 2003.  United States v. Sutherland, 143 F. Supp.2d 609, 612 (W.D. Va. 2001).  The Act and its regulations were upheld as constitutional in South Carolina Med. Ass'n v. Thompson, 327 F.3d 346, 348 (4th Cir. 2003).  Cases addressing releases of medical records which were decided before the effective date of the HIPAA regulations, in the opinion of this judicial officer, have little or no precedential value.

The defendants served discovery requests on the plaintiffs on September 30, 2009 (# 10); at oral argument on January 20, 2010, counsel for the defendants stated that he had not yet received any medical records from the plaintiffs, despite his requests for them.

Counsel for the plaintiffs advised that he has requested records to review for relevancy and to disclose to the defense, but that healthcare providers are notoriously slow in providing them. The defendants limited their motion to compel to their request for an order compelling the plaintiffs to execute HIPAA-compliant releases. The proposed releases authorize disclosure of medical records and information by medical providers, pharmacies, health insurance companies, psychotherapy and mental health care providers, Social Security medical records and benefits history, employment records, workers' compensation records and criminal records (hereinafter collectively referred to as "the releases"). No release of records relating to D.B. was requested.

We are mandated to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Rules do not address the specific issue before the court; thus we must consider the HIPAA regulations and the decided cases.

The HIPAA regulations permit disclosure of a person's private medical and mental health information pursuant to a court order if a protective order is in place to prohibit disclosure of the information for a purpose other than the litigation and to require return of the information at the conclusion of the proceedings. 45 C.F.R. § 164.512(e)(1)(i); A Helping Hand, LLC v. Baltimore Co., Maryland, 295 F. Supp.2d 585, 592 (D. Md. 2003). "[O]nly the

5

information expressly authorized by such order" may be disclosed. 45 C.F.R. § 164.512(e)(1)(i).  The Agreed Protective Order which is found on the court's website (LR Civ P 26.4) meets both criteria.  An alternative method of obtaining disclosure of protected information, pursuant to a subpoena, discovery request, or other lawful process, entails notice to the individual whose records are sought, an opportunity for the individual to raise an objection, resolution of any objections, plus the described protective order. 45 C.F.R. § 164.512(e)(1)(ii); Law v. Zuckerman, 307 F. Supp.2d 705, 711 (D. Md. 2004).

In Boukadoum v. Hubanks, 239 F.R.D. 427 (D. Md. 2006), defense counsel served subpoenas on the plaintiff's health care providers, provided notice to the plaintiff, received no objection, and notified the subpoena recipients that no objection was raised.  The providers did not provide the records and the defense attorney filed a motion to compel and sought reasonable expenses, including attorney's fees.  The court concluded that, reading Rules 34 and 45 together, the defense attorney was required "to engage in a good faith effort to secure the non-party's compliance before filing a motion to compel and must certify to the effort made as part of the motion to compel."  Id. at 431.  The court reviewed the attorney's actions, granted the motion to compel, but denied the request for expenses.  Id. at 432-32.

In Teague v. Target Corp., No. 3:06-cv-191, 2006 WL 3690642,

at *1 (W.D.N.C. Dec. 11, 2006), the plaintiff did not object to signing releases but she neither signed them nor provided any explanation for her failure to do so. The court found the releases to be narrow in scope and concluded that, after seven months of waiting, "the only way that Target can be certain that it will obtain the necessary medical records is to request the information directly from each provider." Id. at *2. The court required the plaintiff to produce any medical records in her possession and to execute the releases. Id. No explanation was given why the court required the plaintiff to sign the releases instead of entering an order pursuant to 45 C.F.R. § 164.512(e)(1)(i).

In Townsend v. Shook, No. 5:06-cv-70, 2007 WL 1612657 (W.D.N.C. May 31, 2007), the court was confronted with a mental health therapist who declined to honor a subpoena for a deposition, even though his patient had waived the psychotherapist-patient privilege recognized in Jaffe v. Redmond, 518 U.S. 1 (1996). The therapist asserted that 45 C.F.R. § 164.524 excludes psychotherapy notes from disclosure, even to the patient. The court found that the regulation was contrary to precedent which holds that a patient waives the privilege when the patient places her mental health at issue in the litigation, citing Vasconcellos v. Cybex Int'l, Inc., 962 F. Supp. 701 (D. Md. 1997). The court in Townsend further found that disclosure of the patient's records and the testimony of the plaintiff's therapist were necessary to the proper

administration of justice and compelled the therapist to comply with the subpoena.

In <u>EEOC v. Sheffield Financial LLC</u>, No. 1:06-cv-889, 2007 WL 1726560, at *6 (M.D.N.C. June 13, 2007), the court granted a motion to compel, which included a requirement that the former employee provide signed authorizations and releases.  The undersigned finds this  decision to be unpersuasive because it does not mention HIPAA and because it relies on <u>Smith v. Logansport Cmty. Sch. Corp.</u>, 139 F.R.D. 637 (N.D. Ind. 1991), a pre-HIPAA case.

In <u>Ayers v. Continental Cas. Co.</u>, No. 5:05-cv-95, 2007 WL 2156553 (N.D. W. Va. July 25, 2007), on which the plaintiffs rely, Judge Stamp considered the conflicting cases as to whether a court may order a party to provide a medical records release under Rule 34.  The court found that

> Rule 34 requires an item in a request for production of documents to be in the possession, custody or control of the served party and that medical records held by a physician do not meet this description. * * * There is no provision in Rule 34 for requesting from a party documents that are possessed by another person.  While a patient may be able to request medical records from a physician, the records are not sufficiently within the patient's control to qualify under Rule 34.  <u>Clark [v. Vega Wholesale, Inc.]</u>, 181 F.R.D. [470, 472 (D. Nev. 1998].

The <u>Ayers</u> decision cites several cases which it describes as holding that Rule 34 permits a court to compel a party to sign a release.  Upon closer examination, however, it becomes apparent that the decisions addressed whether a plaintiff waived the

8

psychotherapist-patient privilege by placing the plaintiff's mental health in issue.  The decisions include an order that the plaintiff execute releases of mental health treatment records, without any discussion of whether the court has the authority to require the plaintiff to do so.  See Adams v. Ardcor, 196 F.R.D. 339, 344 (E.D. Wis. 2000); Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 131 (E.D. Pa. 1997); Williams v. NPC Intern, Inc., 224 F.R.D. 612, 613 (N.D. Miss. 2004).

In Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 133 (S.D. W. Va. 2009), the court noted that Rule 34 "does not contain any requirement that a party provide written authorization for the release of documents in the possession, custody or control of another person, entity or agency or permit the Court to order a party to provide such authorization."

Based on this review of cases, the undersigned has found no decision which addresses the applicable Federal Rules of Civil Procedure and holds that a provision of the Rules or other recognized authority empowers a court to require a plaintiff to sign medical releases.  The defendants argue that Rule 37 provides for imposition of sanctions on a party who does not cooperate in discovery.  The court is not persuaded by this argument because Rule 37 is the enforcement mechanism for the other discovery rules; it does not create a distinct discovery mechanism not found in Rules 26 through 36.  Accordingly, it is hereby **ORDERED** that the

defendants' motion to compel is **DENIED**.

Ruling on the motion does not end the inquiry or the problem posed to the court in the context of this case. The plaintiffs have placed their mental health in issue and now assert their right to prevent the defendants from independently discovering the extent of their past and current mental health treatment. Their attorney proposes that the plaintiffs obtain the records, that he review them for privilege and prepare a privilege log, and that the court then review the allegedly privileged documents in camera. This proposal ignores the numerous cases which have held that "the psychotherapist privilege can be waived by a party who puts his or her mental state or condition at issue in the lawsuit as an element of a claim or defense." Vasconcellos, 962 F. Supp. at 708; Cappetta v. GC Services Ltd. P'ship, No. 3:08-cv-288, 2009 WL 455257, at *6-*9 (E.D. Va. Feb. 23, 2009) (collecting cases)). The United States Court of Appeals for the Fourth Circuit has not addressed this issue.

The vast majority of plaintiffs sign very broad medical authorizations, and the defendants typically undertake to obtain the records, often with an understanding that copies of all the records obtained will be provided to the plaintiff's attorney free of charge. Business entities now provide the service of obtaining medical records to litigators. A plaintiff's refusal to sign releases results in increased expense and considerable delay,

leading the court to wonder why a plaintiff would choose this strategy.

Rule 34(a) of the Federal Rules of Civil Procedure clearly requires a plaintiff to produce for inspection and copying any records in the plaintiff's possession which are relevant. If a plaintiff has placed his or her mental or physical health in issue, then any records in the plaintiff's possession relating to that issue should be produced. Health insurance companies' explanations of benefits, bills, results of laboratory tests, written reports of treatment, hospital discharge instructions and similar documents are typically given to or received by a patient and would be discoverable. Perhaps the advent of electronic patient records will enable a patient to obtain and retain health records easily.

Similarly, Rules 30(a) and 33(a) provide a defendant with the opportunity to question a plaintiff about relevant medical and mental health treatment which the party has undergone. A party should promptly and without objection answer questions regarding health issues which that party places in issue. If a party refuses to sign releases and makes sworn statements that the party lacks all records of health treatment, then an opposing party has little option but to use Rule 45 and the HIPAA regulations to obtain the records. While the process is more complex, a party who complies with the regulations may obtain a court order which requires the healthcare provider to produce the records in response to a

subpoena.  See Boukadoum and Townsend, supra.

In other words, it is well-settled that a party who places his or her physical or mental health in issue waives privileges which pertain to the conditions in issue.  Refusal to sign releases does not eliminate the opposing party's right to discover the records pertaining to the conditions.  These matters should be discussed early and often during litigation, beginning with the parties' planning meeting which is mandated by Rule 26(f).  Parties should confer concerning the scope of proposed releases; parties should use the court's form protective order, found on its website, for compliance with HIPAA.  As with any other discovery matter, a violation of the Federal Rules of Civil Procedure or court orders brings the possibility of the imposition of various sanctions, ranging from shifting of costs through exclusion of evidence and ultimately to dismissal with prejudice.  In addition, 28 U.S.C. § 1927 provides authority for assessment of costs against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."

The Clerk is directed to transmit this order to all counsel of record.

ENTER: January 26, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge