```
           UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**PAUL DEWAYNE FIELDS and**
**KIMBERLY ANN FIELDS, individually**
**and as legal guardian of D.B.,**
**a minor child,**

    **Plaintiffs,**

**v.**                                              **Case No. 2:09-cv-0754**

**WEST VIRGINIA STATE POLICE,**
**JOHN ELMORE,**
**BEN H. MOORE,**
**A.B. WARD,**
**P. TODD KELLY,**
**LEE W. PRICE, and**
**JOHN AND JANE DOES I-III,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case presents the issue of whether the Court can impose sanctions for failure of a party to attend a Rule 35 independent mental or physical examination, which was not the subject of a court order. Pending before the Court is Defendants' Motion Seeking Sanctions due to Kim and Paul Fields' Failure to Attend their Properly Scheduled and Noticed Rule 35 Mental Health Examinations (docket # 119), filed on May 28, 2010. Plaintiffs failed to file a response within the period allowed by the Local Rules.

According to the Motion and attached exhibits, on April 15,

2010, Defendants served Plaintiffs' counsel with notice of the examination to occur on April 29, 2010 (# 99), and followed up with Plaintiffs' counsel again, by letter dated April 20, 2010.  The date of the evaluation, April 29, 2010, is explicitly set forth in both the notice and the letter.  Kim and Paul Fields failed to appear for their examination, and the examining physician has required payment of $1,300 for the missed appointment, which defense counsel paid.  Kim and Paul Fields went to the physician's office on April 30, and advised the staff that their attorney told them that the appointment was set for April 30.  The examination has been re-scheduled and the presiding District Judge has entered an order directing Kim and Paul Fields to attend the examination (# 123).

Plaintiffs' failure to respond to the Motion arguably waives any objection they may have to imposition of sanctions. Nonetheless, the undersigned will consider whether the Rules permit such a ruling.  There is very little authority on the topic.

Rule 35, *Fed. R. Civ. P.*, establishes the procedure for a court to order a party to submit to an examination. Rule 37(b)(2), *Fed. R. Civ. P.*, provides that a court may impose a variety of sanctions if a party "fails to obey an order . . . under Rule . . . 35 . . .." Moreover, Rule 37(b)(2)(C) requires a court to order

> the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other

2

circumstances make an award of expenses unjust.

In most cases, attorneys reach informal agreements on independent examinations, without the need to resort to a motion under Rule 35.[1]  Herrera v. Lufkin Industries, Inc., 474 F.3d 675, 689 (10th Cir. 2007); 8B Wright, Miller & Marcus, Federal Practice and Procedure § 2234 (3d ed. 2010); 7 Moore's Federal Practice § 35.02[5] (3d ed. 2010).  If a party agrees to attend an independent examination and then changes his or her mind, the party seeking the examination may file a Rule 35 motion to obtain a court order or may file a Rule 37 motion to compel discovery.  Herrera, id.; 7 Moore's Federal Practice, id.  The undersigned has found no case which holds that Rule 37 sanctions may be imposed in the absence of a court order.  In fact, Rule 37(b)'s subheading is "Failure to Comply with a Court *Order*." [Emphasis supplied.]

While the failure of Kim and Paul Fields to attend their scheduled examination was discourteous and wasteful of resources, the Court concludes that such conduct, in the absence of a court order, is not sanctionable. Accordingly, it is hereby **ORDERED** that Defendants' Motion (# 119) is denied.

The Clerk is directed to transmit this order to all counsel of record.

ENTER:  June 21, 2010

Mary E. Stanley
United States Magistrate Judge

---

[1] A Rule 35 motion was filed with respect to a requested examination of the juvenile plaintiff in this action, which motion was granted (## 85, 96).