IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL DEWAYNE FIELDS, et al.,

          Plaintiffs,

v.                              CIVIL ACTION NO. 2:09-cv-00754

WEST VIRGINIA STATE POLICE, et al.,

          Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is a Motion to Quash the Subpoenas of Magistrate Pete Lopez and Chief Magistrate Traci Strickland [Docket 128]. This motion is **GRANTED**.

Plaintiffs Paul Fields and Kimberly Ann Fields were the named defendants in two criminal cases filed in Kanawha County Magistrate Court: *State v. Paul Fields, Sr.*, No. 08-F-2028, and *State v. Kimberly Ann Fields,* No. 08-F-2033. (Mot. Quash Subpoenas ¶ 5.) Magistrate Lopez reviewed the complaint against Paul Fields and found it supported by probable cause (*id.* ¶ 7); another magistrate found probable cause based on the complaint filed against Kimberly Ann Fields (*id.* ¶ 9). Upon the State's motion, Magistrate Strickland dismissed both charges. (*Id.* ¶ 10.)

The plaintiffs now bring an action for monetary damages pursuant to provisions of the Civil Rights Act of 1871, the West Virginia and United States Constitutions, and under West Virginia common law. According to the plaintiffs, the West Virginia State Police, several West Virginia State Troopers, South Central Regional Jail and several of its employees, and others, committed unlawful acts, including "the unreasonable and excessive use of force, and the unlawful and

malicious detention, seizure, arrest, conspiracy and prosecution" of the plaintiffs. (Compl. [Docket 1, Ex. 3] ¶ 1.)

The plaintiffs have issued subpoenas to Magistrates Lopez and Strickland. The Magistrates moved to quash the subpoenas. Their motion was granted by Magistrate Judge Mary E. Stanley, pending briefing of the motion and ruling by the court [Docket 130]. Briefing on this motion is now complete.

Magistrates Lopez and Strickland assert that the only knowledge they have regarding the instant case arises from their judicial duties with regards to the previous criminal complaints. (Mot. Quash Subpoenas ¶¶ 8, 11.) They further assert that they currently have no recollection of any "events, persons, conversations, or remarks" associated with these cases. (Reply Mem. [Docket 142] 1, 4; *id.* Ex. 1 ¶ 6, Ex. 3 ¶ 6.) The plaintiffs argue that they "only wish to inquire of the facts and information the Magistrates had available to them, and from whom and how that information was provided" and that such testimony is "relevant and discoverable." (Resp. Mem. Opp'n Mot. Quash [Docket 140] 1.)

"Absent a showing of extraordinary need, a judge may not be compelled to testify about matters observed as the consequence of the performance of his official duties. This protection allows judges to vigorously perform their duties without fear of later having to provide explanatory or observational testimony." *Hensley v. Alcon Labs., Inc.*, 197 F. Supp. 2d 548, 550 (S.D. W. Va. 2002). Thus, judges "should be called as witnesses with caution," even if only factual testimony is sought. *Hatcher v. McBride*, 650 S.E.2d 104, 113 (W. Va. 2006). As this court has previously recognized, "absent exceptional circumstances" a judicial officer's "recollection of the events

-2-

which occur during" the performances of his official duties "may not be the subject of inquiry by another court." *Hensley*, 197 F. Supp. 2d at 550.

The plaintiffs have failed to demonstrate an "extraordinary need" to subpoena Magistrates Lopez and Strickland. The Magistrates aver that they have no recollection of the information sought by plaintiffs. Moreover, they are not the only possible sources of this information. As the Magistrates point out, Officer B. H. Moore has already testified "as to the factual basis for the criminal complaints." (Reply Mem. 2-5.) This case lacks the "exceptional circumstances" that could justify the plaintiffs' subpoenas.

The Motion to Quash the Subpoenas of Magistrate Lopez and Chief Magistrate Strickland [Docket 128] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 14, 2010

Joseph R. Goodwin, Chief Judge